DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIO GENTILE,**
Appellant,

v.

**PAOLA GENTILE,**
Appellee.

No. 4D15-1550

[September 9, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 12-002769 FMCE 41.

Stephen H. Butter of Stephen H. Butter, P.A., Aventura, for appellant.

Jason H. Haber of Haber Blank, LLP, and Caryn Goldenberg Carvo of Caryn Goldenberg Carvo, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Mario Gentile, the ex-husband, seeks review of a trial court order that approved a mediator's report and directed that real property be divided pursuant to appraisals relied on in mediation.[1] The parties dispute the proper division of the property and whether their settlement agreement contemplated canal access for the ex-husband. We reverse and remand for further proceedings to determine whether the settlement agreement contemplated canal access and, if necessary, for proper division and valuation of the parcels.

The parties entered into a settlement agreement that was announced on the record. The final judgment of dissolution of marriage incorporated the agreement and provided that the house and ten acres would be divided as set out in an aerial view attached to the judgment. The ex-husband contends that the settlement agreement contemplated that he would

[1] The ex-husband filed a petition for writ of certiorari, but we determine that the order is final or appealable as a non-final order determining "the right to immediate possession of property." Fla. R. App. P. 9.130(a)(3)(C)(ii).

receive a little corner of land providing him canal access. In the judgment, the parties agreed to binding mediation of any dispute regarding the value of the parcels.

The parties stipulated to appraisal reports, which the mediator relied on in making valuation findings. When it came time to divide the property, however, the parties could not agree.

The ex-wife moved the court to ratify the mediator's report and asked the court to direct that the property be split without canal access for the ex-husband. She argued that the mediation report had not contemplated the division requested by the ex-husband and that the ex-husband's parcel would have greater value with canal access. The parties disputed whether the appraisals relied on in mediation included canal access for the ex-husband. The ex-husband argued that a survey prepared before mediation had divided the property with canal access as set out in the judgment, but the ex-wife presented evidence that the appraisals relied on in mediation did not include canal access. She argued that if the parcel was configured as requested by the ex-husband, then the appraisals would have to be updated. The court declined the ex-husband's request to hold an evidentiary hearing to resolve the disputes.

The ex-husband points to the aerial view of the property that was attached to the final judgment, which appears to show a small corner of land providing canal access. In addition, during the final hearing, while announcing the terms of the settlement agreement, the ex-husband's counsel referred to the aerial photograph and noted that the ex-husband's parcel included "the little corner." The record therefore, appears to support the ex-husband's contention that the settlement agreement contemplated canal access. The trial court should have resolved the dispute as to the proper division of the property, which was not a matter that the parties agreed to submit to binding mediation.

We agree with the ex-husband that the trial court erred in granting the ex-wife's motion and ordering the property divided pursuant to the appraisals relied on in mediation. We disagree with the ex-wife that the ex-husband invited error or that his stipulation to the appraisals waived his right to have the property divided as set out in the settlement agreement. The final judgment provided that the parties would mediate any disputes as to the value of the parcels only. The record in this proceeding does not show a waiver or that the proper division of the property was subject to mediation.

We therefore reverse the order and remand for further proceedings to

determine whether the settlement agreement entered into by the parties contemplated canal access for the ex-husband. If so, and if the appraisals relied on in mediation did not account for the corner of land providing canal access, then new appraisals and further mediation as to value may be required.

*Reversed and remanded.*

STEVENSON, TAYLOR and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3